Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

GOLD VALUE INTERNATIONAL TEXTILE, INC., a California Corporation, individually, and doing business as "FIESTA FABRIC,"

Plaintiff,

vs.

SHEIN FASHION GROUP, INC., a California Corporation; and DOES 1-10,

Defendants.

Case No.:

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;
2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

Jury Trial Demanded

Plaintiff, Gold Value International Textile, Inc., a California Corporation, individually, and doing business as "Fiesta Fabric" (collectively "Fiesta") by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Fiesta is a corporation organized and existing under the laws of the state of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant Shein Fashion Group, Inc. ("Shein") is a corporation organized and existing under the laws of the state of California with its principal place of business located at 345 N. Baldwin Park Boulevard, City of Industry, California 91746.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO DESIGN A100633**

8. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled A100633 ("Subject Design") that has been registered with the United States Copyright Office.

9. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

10.In 2014, Plaintiff sold over 200 yards of fabric bearing Subject Design to Shein.

11. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design, Shein, Doe Defendants, and each of them distributed and/or sold fabric and/or garments featuring a design which is substantially similar to Subject Design (hereinafter "Subject Product") without Plaintiff's authorization, including but not limited to garments sold under Item No. RDRE160315005.

12. An image of Subject Design and one non-exclusive exemplar of Subject Product are set forth hereinbelow. The below comparison makes clear that the overall look and feel and constituent elements of the designs are substantially similar.

| SUBJECT DESIGN | SUBJECT PRODUCT |
| --- | --- |





**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants, and Each)

13. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Design.

15. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject

Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to Subject Design, or were an illegal modification thereof.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Design and by producing, distributing and/or selling Subject Product through a nationwide network of retail stores, catalogues, and through on-line websites.

17. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

18. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Design in an amount to be established at trial.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

///

**SECOND CLAIM FOR RELIEF**

(For Vicarious and Contributory Copyright Infringement - Against All Defendants)

20. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this complaint.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring Subject Design as alleged herein.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

23. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

24. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Subject Design, in an amount to be established at trial.

25.Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants,

and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants**

26. With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 26, 2018 By: *<u>/s/ Scott Alan Burroughs</u>*

Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorney for Plaintiff